UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

SHARON KAY PONTIUS,

Debtor.

_____/

Case No. GK 08-04124
Chapter 7

## OPINION REGARDING CONSTITUTIONALITY OF
## MICHIGAN BANKRUPTCY SPECIFIC EXEMPTIONS

Appearances:

R. Todd Redmond, Esq., Kalamazoo, Michigan, attorney for Sharon Kay Pontius, Debtor.

Thomas C. Richardson, Esq. and Nicholas J. Daly, Esq., Kalamazoo, Michigan, attorneys for Thomas R. Tibble, Chapter 7 Trustee.

## I. FACTS AND PROCEDURAL BACKGROUND.

On May 8, 2008, Sharon Kay Pontius ("Debtor") filed a petition for relief under chapter 7 of the Bankruptcy Code.[1]  In Schedule A, the Debtor lists among her assets a fee simple interest in a house and lot in Kalamazoo, Michigan ( the "Property").  The Debtor values the Property at $70,000 and alleges it is encumbered by a mortgage and a tax lien totaling $26,415.  The Debtor is unmarried.

---

[1]The Bankruptcy Code is contained in 11 U.S.C. §§ 101-1532.  This case was filed after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, commonly referred to as "BAPCPA."

The Debtor seeks to exempt $31,900 of the value of the Property as her homestead.

The Debtor relies upon Mich. Comp. Laws Ann. § 600.5451(1)(n),[2] which reads as follows:

> Sec. 5451(1) *A debtor in bankruptcy under the bankruptcy code*, 11 USC 101 to 1330, may exempt from property of the estate property that is exempt under federal law or, under 11 USC 522(b)(2), the following property . . .
>
> (n) The interest of the debtor, the codebtor, if any, and the debtor's dependents, not to exceed $34,500 in value or, if the debtor or a dependent of the debtor at the time of the filing of the bankruptcy petition is 65 years of age or older or disabled, not to exceed $51,650 in value, in a homestead.

§ 600.5451(1)(n) (emphasis added).[3]

Thomas R. Tibble, the chapter 7 trustee ("Trustee"), objected to the Debtor's exemption on the basis that § 600.5451, as "bankruptcy specific" legislation, is unconstitutional in violation of the Supremacy Clause[4] because it impermissibly infringes on Congress' exclusive right to establish "uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const. art. I, § 8, cl. 4 (the "Bankruptcy Clause").

---

[2]Because this opinion principally addresses Michigan exemption provisions, all future references to Mich. Comp. Laws Ann. shall be to the specific statutory subsection, e.g., "§ 600.5451(1)." The reference in the Michigan statute to "11 USC 101 to 1330" is because it was passed prior to the BAPCPA amendments.

[3]The exemption amounts originally specified in § 600.5451(1)(n) when enacted in 2004 were $30,000 and $45,000 respectively but were increased to the current levels in 2008 pursuant to subsection 4 of Act No. 575 which requires changes in the exemption amounts every three years to reflect change in the consumer price index.

[4]"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2.

2

As required by Bankruptcy Rule 9005.1 and 28 U.S.C. § 2403, notice was given to the Michigan Attorney General of the Trustee's constitutional challenge to § 600.5451. The Attorney General did not respond, made no appearance at the hearing, and submitted no legal position.[5]

## II. ISSUE.

The issue is straightforward. Is the "bankruptcy specific" exemption set forth in § 600.5451 unconstitutional or not?

## III. JURISDICTION.

The Trustee has timely objected to the exemption claimed by the Debtor. Fed. R. Bankr. P. 4003(b). The court has jurisdiction of this contested matter. 28 U.S.C. § 1334 and the Local Rule 83.2(a) (W.D. Mich.) (referring bankruptcy cases and related matters as authorized by 28 U.S.C. § 157(a)). The objection to the Debtor's exemption is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (B) and (E). The Trustee has the burden of proving that the claimed exemption is improper. Fed. R. Bankr. P. 4003(c).

## IV. DISCUSSION.

The route by which the Michigan Legislature concluded that it could enact exemptions which would apply *only* in a *federal* bankruptcy case is murky. In 2001, an Advisory Committee to the Civil Law and Judiciary Subcommittee of the House Civil and

---

[5]Originally, this bankruptcy case had been combined with two other bankruptcy cases only for a joint hearing for the other debtors who had also claimed homestead exemptions under § 600.5451. The chapter 7 trustees' objections to those debtors' exemptions were resolved at, or immediately before, the joint hearing. The Michigan Attorney General likewise had been given notice of the constitutional challenge in the other cases but did not appear.

3

Judiciary Committee of the Michigan Legislature ("Advisory Committee")[6] was formed "to review and, if appropriate, provide recommendations to update the property exemption laws."[7]  The Advisory Committee labored for two years before issuing a Report and Recommendations to the Subcommittee ("Report and Recommendations").  The Report and Recommendations suggested many changes to the *general* Michigan exemption statute, § 600.6023, including an increase in the $3,500 Michigan homestead exemption to $30,000 ($45,000 if the debtor or a dependent of the debtor was over 65 or disabled).  The Report and Recommendations did *not* recommend limitation of these new exemptions only to bankruptcy proceedings.  *Report and Recommendations of the Advisory Committee to the Civil Law and Judiciary Subcommittee of the House Civil and Judiciary Committee Regarding Proposed Modifications to the Michigan Exemption Statutes, the Purpose and Policy of Michigan Exemption Laws* (August 11, 2003).

With few changes, the new exemptions suggested by the Report and Recommendations were adopted by the Michigan Legislature in 2004, to be effective on January 3, 2005, as § 600.5451.  *However, the Legislature limited the application of the law only to proceedings involving "[a] debtor in bankruptcy under the Bankruptcy Code."*

---

[6]The Advisory Committee was comprised of highly competent and very experienced commercial law attorneys from the western and eastern districts of Michigan.  Advisory Committee members were: Steven L. Rayman, Esq., Thomas B. Radom, Esq., Paul F. Davidoff, Esq., Sandra S. Hamilton, Esq., James W. Boyd, Esq., Scott W. Dales, Esq., Rozanne M. Giunta, Esq., David W. Ruskin, Esq., Craig S. Schoenherr, Sr., Esq., Karen E. Evangelista, Esq., and Judy B. Calton, Esq.

[7]Letter dated August 11, 2003, to Michigan State Representative Alexander C. Lipsy (at whose request the Advisory Committee was formed) regarding submission of "Report and Recommendations Concerning Proposed Modifications to Michigan's Current Property Exemption Laws."

4

Applying the new statutory exemptions only to federal bankruptcy proceedings was without explanation in either the legislative history or the Advisory Committee records. Winnifred P. Boylan & Melanie R. Beyers, *The Trek of Michigan Exemptions in the Universe of Bankruptcy*, 33 Michigan Real Property Review 85, 85-92 (Summer 2006).

Although the legislative method by which the Michigan Legislature adopted its "bankruptcy specific" exemptions seems out of the ordinary, other states have also adopted exemptions intended to only apply in federal bankruptcy cases.[8]  Not surprisingly, these state exemption laws have generated a spate of litigation concerning their constitutionality.

A number of courts have determined such "bankruptcy specific" exemption schemes to be unconstitutional as violating the Supremacy Clause, U.S. Const. art. VI, cl. 2, and infringing upon Congress' exclusive right to enact "uniform Laws on the subject of Bankruptcies."  The Bankruptcy Clause, U.S. Const. art. I, § 8, cl. 4; *see, e.g., In re Regevig*, 389 B.R. 736 (Bankr. D. Ariz. 2008) (invalidating California's "bankruptcy specific" exemptions); *In re Cross*, 255 B.R. 25 (Bankr. N.D. Ind. 2000) (determining unconstitutional Indiana's "bankruptcy specific" exemptions); *In re Mata*, 115 B.R. 288 (Bankr. D. Colo. 1990) (concluding that Colorado's "bankruptcy specific" exemptions were unconstitutional); *In re Reynolds,* 24 B.R. 344 (Bankr. S.D. Ohio 1982) (upholding a constitutional challenge to Ohio's "bankruptcy specific" exemptions); *see also Kanter v. Moneymaker (In re Kanter)*, 505 F.2d 228 (9th Cir. 1974) (holding unconstitutional a California statute that sought to prohibit a bankruptcy trustee from acquiring an interest in a debtor's personal injury action,

---

[8]These states include: California, Colorado, Georgia, Montana, New York, Ohio and West Virginia.

while allowing judgment creditors to obtain a lien on the debtor's cause of action outside of bankruptcy).

One of the bankruptcy judges in this district, Judge Hughes, previously determined § 600.5451 to be unconstitutional. *In re Wallace*, 347 B.R. 626 (Bankr. W.D. Mich. 2006). A number of commentators also have questioned the constitutionality of such state "bankruptcy specific" legislation. *See, e.g.,* Joseph Lamport, Note, *The Preemption of Bankruptcy-Only Exemptions*, 6 Cardozo L. Rev. 583, 586 (1985); 4 *Collier on Bankruptcy* ¶ 522.02[4] (15th ed., rev. 2008); 3 *Norton Bankr. Law & Practice 3d* § 56:3 at n. 11 (2008).

To the contrary, a number of other courts have upheld the constitutionality of state "bankruptcy specific" exemption schemes. *See, e.g., In re Brown*, No. 06-30199, 2007 WL 2120380 (Bankr. N.D.N.Y. July 23, 2007) (upholding New York's "bankruptcy specific" exemptions), *aff'd*, No. 07-cv-0856, 2007 WL 4560671 (N.D.N.Y. Dec. 18, 2007); *In re Shumaker*, 124 B.R. 820 (Bankr. D. Mont. 1991) (upholding a Montana statute exempting Individual Retirement Accounts only for bankruptcy debtors); *In re Vasko*, 6 B.R. 317 (Bankr. N.D. Ohio 1980) (upholding Ohio's "bankruptcy specific" exemptions). Very recently, the Fourth Circuit Court of Appeals upheld West Virginia's "bankruptcy specific" exemptions. *Sheehan v. Peveich (In re Peveich)*, 574 F.3d 248 (4th Cir. 2009), *aff'g, In re Morrell*, 394 B.R. 405 (Bankr. N.D. W. Va. 2008).[9]

---

[9]In the *Morrell* case, the bankruptcy court noted that in allowing a debtor to exempt property under "State or local law," Congress did not limit the breadth of those laws by the phrase "applicable non-bankruptcy law," which appears in several other places throughout the Bankruptcy Code. 11 U.S.C. § 522(b)(3). It then reasoned that "by its plain language, § 522(b)(3) implicitly permits a State's *bankruptcy* law to be the 'State or local law' by which an exemption can be claimed." *In re Morrell*, 394 B.R. at 416 (emphasis added). As explained below, such an interpretation places far too much emphasis on the absence of the phrase "applicable non-bankruptcy law."

This court is certainly cognizant of the admonition that it should not decide a constitutional issue unless it is absolutely compelled to do so. "It is a fundamental rule of judicial restraint . . . that this Court will not reach constitutional questions in advance of the necessity of deciding them." *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P.C.*, 467 U.S. 138, 157, 104 S.Ct. 2267, 2279 (1984); *see also Spector Motor Service, Inc. v. McLaughlin*, 323 U.S. 101, 105, 65 S.Ct. 152, 154 (1944); *Blair v. United States*, 250 U.S. 273, 279, 39 S.Ct. 468, 470 (1919); *Crook v. Baker*, 813 F.2d 88, 91 (6th Cir. 1987). This judge has previously determined it unnecessary to rule upon the constitutionality of § 600.5451. *In re Basch*, 341 B.R. 615 (Bankr. W.D. Mich. 2006) (because the debtor there had the ability to amend his entireties property exemption so as to exempt the same Michigan real property under a *non*-"bankruptcy specific" Michigan exemption statute). In contrast, in the exemption objection now raised by the Trustee, this court is unable to avoid the constitutional question. Unlike the situation in *Basch*, the Debtor is unmarried and cannot claim § 600.6023a, a general exemption, which applies only to entireties property. This court, therefore, must address the constitutionality of

---

Throughout the Bankruptcy Code, Congress has referred to "state or local law" without the phrase "non-bankruptcy" and, by doing so, has not implicitly "permitted states to pass their own bankruptcy laws on the subject." *See, e.g.,* 11 U.S.C. § 346(b) which requires a trustee to withhold amounts from the payment of wage claims "under applicable state or local tax law." Does this mean that a state or locality could promulgate a tax law applicable *only* to trustees in bankruptcy imposing a higher withholding level for bankruptcy claimants or more onerous withholding duties on trustees? Also, consider 11 U.S.C. § 506(b) which allows a secured creditor to collect "fees, costs, or charges provided for under . . . State statute." Does this authorize a state to grant or deny to a secured creditor the right to collect such fees only in federal bankruptcy cases?

§ 600.5451.   For the reasons below, the court determines § 600.5451 to be unconstitutional on at least two grounds.[10]

A.   *May Congress Constitutionally Delegate Its "Bankruptcy Power" to the States?*

The cases which uphold the constitutionality of state "bankruptcy specific" exemption schemes generally reason that Congress, in passing 11 U.S.C. § 522(b)(1), delegated to the states the authority to restrict their residents to state exemptions; therefore, 11 U.S.C. § 522(b)(1) is an "express delegation to the states of the power to create state exemptions in lieu of the federal bankruptcy exemption scheme." *Sheehan v. Peveich*, 574 F.3d 248, 252 (4th Cir. 2009).[11]   However, such reasoning immediately raises another legal question. May Congress constitutionally delegate to a state legislature the power to enact a portion of a *federal law*, the Bankruptcy Code?

The Constitution grants Congress the power to "establish . . . uniform Laws on the subject of Bankruptcies."   The Bankruptcy Clause, U.S. Const. art. I, § 8, cl. 4.   Court opinions which uphold state "bankruptcy specific" exemptions reason that, in enacting 11 U.S.C. § 522, Congress made an "express delegation" to the states to enact laws which operate *solely* in bankruptcy proceedings.   The downfall of this "express delegation" rationale is that it is unconstitutional.   The Supreme Court has consistently held that

---

[10]There may be another reason that has not been raised by the Trustee and it will not be addressed by the court.

[11]Logically, if state legislatures were actually and constitutionally "delegated" by Congress to write the exemption provisions of the Bankruptcy Code for local debtors, there is no reason why they could not provide that a local debtor in bankruptcy could exempt *all* of his property, guaranteeing his trustee would have nothing to administer for his creditors. Conversely, an alleged "delegate" legislature theoretically could provide that the general state exemptions were completely denied to bankruptcy debtors and, by "opting out," leave bankruptcy debtors in their states with no exemptions at all.

8

*Congress may not constitutionally delegate its legislative power.* "It does not admit of argument that [C]ongress can neither delegate its own powers, nor enlarge those of a state." *Wilkerson v. Rahrer*, 140 U.S. 545, 560, 11 S.Ct. 865, 869 (1891). "Congress cannot transfer its legislative power to the states – by nature this is nondelegable." *Knickerbocker Ice Co. v. Stewart*, 253 U.S. 149, 164, 40 S.Ct. 438, 441 (1920) (citing *Wilkerson*, 140 U.S. at 560, 11 S.Ct. at 869; *Marshall Field & Co. v. Clark*, 143 U.S. 649, 692, 12 S.Ct. 495, 504 (1892); *Buttfield v. Stranahan*, 192 U.S. 470, 496, 24 S.Ct. 349, 355 (1904); *Butte City Water Co. v. Baker*, 196 U.S. 119, 126, 25 S.Ct. 211, 213 (1905); *Interstate Commerce Comm'n v. Goodrich Transit Co.*, 224 U.S. 194, 214, 32 S.Ct. 436, 441 (1912)).

The *Knickerbocker Ice* decision is especially instructive. That case involved federal maritime law which, like the law on "Bankruptcies," is reserved under the Constitution to the United States. The Supreme Court stated that "Congress has paramount power to fix and determine the maritime law which shall prevail throughout the country." *Knickerbocker Ice*, 253 U.S. at 158, 405 S.Ct. at 439 (quoting *Southern Pacific Co. v. Jensen*, 244 U.S. 205, 215, 37 S.Ct. 524, 528 (1917)). The Court then found that Congress had attempted to delegate a portion of its legislative function by authorizing states to enact workers compensation laws applicable in maritime proceedings. Because the Court recognized that maritime law was within the sole power of Congress, the power could not be constitutionally delegated.

> The subject was entrusted to it [Congress] to be dealt with according to its discretion – not for delegation to others. To say that, because Congress could have enacted a compensation act applicable to maritime injuries, it could

9

authorize the states to do so, as they might desire, is false reasoning. Moreover, such an authorization would inevitably destroy the harmony and uniformity which the Constitution not only contemplated, but actually established - it would defeat the very purpose of the grant.

Congress cannot transfer its legislative power to the states – by nature this is nondelegable.

*Knickerbocker Ice*, 253 U.S. at 164, 40 S.Ct. at 441 (citation omitted).

To interpret 11 U.S.C. § 522 as a conscious delegation by Congress of its exclusive power to enact bankruptcy laws would render a portion of § 522 of the Bankruptcy Code unconstitutional. "The fundamental precept of the delegation doctrine is that the lawmaking function belongs to Congress, U.S. Const. art. I, § 1, and may not be conveyed to another branch or entity." *Loving v. United States*, 517 U.S. 748, 758, 116 S.Ct. 1737, 1744 (1996) (citing *Field v. Clark*, 143 U.S. 649, 692, 12 S.Ct. 495, 504 (1892)). "As Hamilton, Story, and the other early interpreters make clear, the uniformity provision [of the Bankruptcy Clause] was intended to grant exclusive power to the federal government." *Hood v. Tennessee Student Assistance Corp. (In re Hood)*, 319 F.3d 755, 765 (6th Cir. 2003), *aff'd and remanded*, 541 U.S. 440, 124 S.Ct. 1905 (2004).

This court recognizes, as noted above, that before declaring § 522 to be unconstitutional, "every reasonable presumption must be indulged in favor of the validity of such enactment." *Sweet v. Rechel*, 159 U.S. 380, 392-93, 16 S.Ct. 43, 46 (1895). If 11 U.S.C. § 522 is read narrowly as authorizing only those non-federal exemptions that states extend generally to debtors within their jurisdiction, the constitutional question is avoided. Section 522 of the Bankruptcy Code certainly does not *explicitly* state that Congress is

10

delegating to the states the right to enact the federal bankruptcy laws. This court declines to find that Congress implicitly did so by passing § 522.

This court agrees with the compelling explanation that:

> Put differently, it is within Congress' discretion under the Bankruptcy Clause to decide what is to be the set of exemptions available to debtors seeking bankruptcy relief. Congress can create its own scheme. It can establish more than one scheme. It can reference state law for purposes of defining the scheme it has chosen. . . . What Congress cannot do under the Constitution is delegate . . . to the states, or to any other entity the power to actually decide what is to be the appropriate scheme. That power is reserved under the [United States] Constitution for the exclusive exercise of Congress.

*In re Wallace*, 347 B.R. at 635.

In enacting § 600.5451, the Michigan Legislature attempted to write a portion of the Bankruptcy Code. Congress is constitutionally prohibited from delegating its "Bankruptcy Power" to any state, including Michigan. Because Michigan passed bankruptcy specific exemptions without authority to do so, those exception statutes are unconstitutional.[12]

B.   *May Congress Adopt "Non-Uniform" Bankruptcy Laws?*

A second, and equally compelling, reason exists why the Michigan statute is unconstitutional.

The Bankruptcy Clause of the Constitution grants Congress the power to "establish . . . *uniform* Laws on the subject of Bankruptcies throughout the United States." The

---

[12]However, the court recognizes that a state's *general* exemption statutes are not unconstitutional when that state's exemption statutes are adopted under 11 U.S.C. § 522. In such an instance, a state is not infringing the Bankruptcy Clause by adopting any constitutionally-prohibited specific bankruptcy exemption statute.

Bankruptcy Clause, U.S. Const. art. I, § 8, cl. 4. (emphasis added). Relying on an older Supreme Court decision, the Sixth Circuit has recently noted:

> What distinguishes these "peculiar terms" from the other Article I powers is the concept of uniformity, which, as Chief Justice Marshall noted nearly two centuries ago, "deserve[s] notice. Congress is not authorized merely to pass laws, the operation of which shall be uniform, but instead to establish uniform laws on the subject [of bankruptcy] throughout the United States." *Sturges v. Crowninshield*, 17 U.S. (4 Wheat.) 122, 193-94, 4 L.Ed. 529 (1819).

*Schultz v. United States*, 529 F.3d 343, 350 (6th Cir. 2008). Therefore, whether a bankruptcy law is passed directly by Congress or passed indirectly by the Michigan Legislature, assertedly as the "delegate" of Congress, such law must be "uniform" to be constitutional. Section 600.5451, and indeed all other "bankruptcy specific" state legislation, fails the uniformity requirement.

The predecessor of the current Bankruptcy Code was the Bankruptcy Act of 1898. That act contained no federal exemptions but, rather, allowed to bankrupts "the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they [the debtors] have had their domicile for . . . six months . . . ." Bankruptcy Act of 1898, ch. 541, § 6, 30 Stat. 544. Almost immediately after the effective date of the old Bankruptcy Act, it was argued that the exemption provision was incompatible with the rule of uniformity. *Hanover Nat'l Bank v. Moyses*, 186 U.S. 181, 188, 22 S. Ct. 857, 860-61 (1902) ("*Hanover*"). Rejecting the argument, the Supreme Court addressed the uniformity rule and established that "uniformity" within the bankruptcy context is geographic uniformity.

> The laws passed on the subject must, however, be uniform throughout the United States, but that uniformity is

12

> geographical, and not personal, and we do not think that the
> provision of the act of 1898 as to exemptions is incompatible
> with the rule.

*Id.*

This concept of geographical uniformity has consistently been applied since

*Hanover* to interpret the validity of provisions of the 1898 Bankruptcy Act and the current

Bankruptcy Code. *See, e.g., Railway Labor Executives' Ass'n v. Gibbons*, 455 U.S. 457,

409, 102 S.Ct. 1169 (1982); *Schultz*, 529 F.3d at 350-51.

Most importantly, however, the Supreme Court has given a precise holding of the

interpretation of constitutional uniformity:

> We concur in this view, and *hold* that the system is, in the
> constitutional sense, uniform throughout the United States,
> *when the trustee takes in each state whatever would have
> been available to the creditor if the bankrupt[cy] law had not
> been passed.*

*Hanover*, 186 U.S. at 190, 22 S.Ct. at 861 (emphasis added).   The Michigan statute,

§ 600.5451, and all other "bankruptcy specific" state exemption schemes, accomplishes

the opposite result. *Their very purpose is to ensure that the bankruptcy trustee does not*

*take whatever property "would have been available to the creditor" outside of bankruptcy.*

Applying the Supreme Court's holding to this case, the Debtor is unmarried and she

has elected state exemptions. On her schedules, she values the property as $70,000,

subject to liens totaling $26,415, for an apparent net equity of $43,585.[13]   Outside of

bankruptcy, a creditor could reach $40,085 of the Property's value (the net equity less the

$3,500 general homestead exemption pursuant to the Michigan Constitution).   However,

---

[13]Only for purposes of this opinion, the court accepts the Debtor's schedules which
have not been challenged by the Trustee or any other of the Debtor's creditors.

13

if the bankruptcy specific exemption in § 600.5451 applies, the Trustee may reach only $11,685 of the Property's value (the net equity less the claimed bankruptcy specific homestead exemption of $31,900). Further, if the Debtor was sixty-five years old or more, or disabled, § 600.5451 would prevent the Trustee from reaching *any* of the otherwise non-exempt value of the property. Section 600.5451 prevents a trustee from taking the same property "available to a creditor" outside a bankruptcy case. This is a direct contravention of the Supreme Court's holding in *Hanover*.

The continuing validity of the Supreme Court's decision in *Hanover* cannot be questioned or distinguished by this court. The exact language quoted above from *Hanover* was very recently cited by the Sixth Circuit Court of Appeals. *Schultz*, 529 F.3d at 351 (citing *Hanover* in support of holding that BAPCPA "means test" does not violate uniformity requirement despite fact that calculations are based, in part, on state and county where debtor resides).

The Sixth Circuit has repeatedly cautioned that the power to pass bankruptcy laws is granted to Congress exclusively and "[b]y granting the power to Congress exclusively, the Constitution prevented runaway states from defeating bankruptcy's goals." *In re Hood*, 319 F.3d at 764-65. Also,

> [A]t the time of the Constitutional Convention, the fear was not, at least in the bankruptcy context, of Congress discriminating in favor of or against a particular locality. Quite to the contrary, uniformity in the Bankruptcy Clause was viewed as a way to safeguard the nation's interest in establishing and maintaining a single system of debt and credit without interference from the parochial or otherwise obstreperous action on the part of the fifty states.

*Schultz*, 529 F.3d at 355 (citation omitted). Allowing the Michigan legislature, or any other state legislature, to pass "bankruptcy specific" exemption schemes would be to approve

14

the "interference" and "parochial or otherwise obstreperous action" that the Supreme Court and the Sixth Circuit have prohibited.

Bankruptcy serves two competing purposes – it is both a debtor's right and a creditor's remedy. *Patel v. Shamrock Floorcovering Servs., Inc. (In re Patel)*, 565 F.3d 963, 967 (6th Cir. 2009); *see* Thomas H. Jackson, *The Logic & Limits of Bankruptcy Law*, 4 (1986) ("Bankruptcy law historically has done two things: allowed for some sort of a financial fresh start for individuals and provided creditors with a compulsory and collective forum to sort out their relative entitlements to a debtor's assets."). For this reason, all bankruptcy acts enacted by Congress have contained involuntary bankruptcy provisions whereby debtors may be forced into bankruptcy by their creditors. 11 U.S.C. § 303. If § 600.5451 is constitutional, one obvious result is that creditors would be penalized for exercising their specific right granted by Congress to file an individual's involuntary case. Bankruptcy specific exemptions might be an extreme disincentive which would effectively hinder creditors' rights. "[A]ny state legislation which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause." *Perez v. Campbell*, 402 U.S. 637, 652, 91 S.Ct. 1704, 1712 (1971). "States may not pass or enforce laws to interfere with or complement the Bankruptcy Act or to provide additional or auxiliary regulations." *International Shoe Co. v. Pinkus*, 278 U.S. 261, 265, 49 S.Ct. 108, 110 (1929). A bankruptcy specific exemption, including § 600.5451, constitutes "obstreperous" state legislation which "frustrates the full effectiveness of federal law."

## V. CONCLUSION.

Based upon Supreme Court and Sixth Circuit Court of Appeals decisions, this court opines that the "bankruptcy specific" exemptions, including § 600.5451, promulgated by

15

the Michigan Legislature are unconstitutional, invalid and unenforceable against bankruptcy trustees. The Trustee's objection to the Debtor's bankruptcy specific exemption is sustained. The Debtor shall have thirty (30) days from the date of this opinion to amend her exemptions.

An order shall be entered accordingly.

Dated this 22nd day of December, 2009
at Grand Rapids, Michigan

Honorable James D. Gregg
Chief United States Bankruptcy Judge